IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| R. WAYNE KLEIN,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>LEWIS S. SCOGIN and COVENANT FAMILY TRUST,<br><br>　　　　　Defendants. | **ORDER ADOPTING REPORT AND RECOMMENDATIONS**<br><br><br>Case No. 2:12-cv-121 CW-DBP<br><br>District Judge Clark Waddoups<br><br>Magistrate Judge Dustin B. Pead |

　　　　Plaintiff R. Wayne Klein was appointed as a receiver of U.S. Ventures, LC, Winsome Investment Trust, and the assets of Robert J. Andres and Robert L. Holloway (collectively the "Receivership Defendants"). In his capacity as receiver, he has filed suit against a number of individuals and entities to recoup money that had been paid out by the Receivership Defendants under a Ponzi scheme. One of those suits is against defendants Lewis S. Scogin and Covenant Family Trust. Mr. Klein asserts the defendants received about $1.1 million from the Receivership Defendants. Accordingly, he asserts claims for fraudulent transfer and constructive trust. Mr. Scogin, as a *pro se* litigant, filed a motion to dismiss the complaint for failure to state a claim. Mr. Klein filed a motion to strike the responsive pleading as to Covenant Family Trust because Mr. Scogin cannot appear as a *pro se* litigant on behalf of Covenant Family Trust.

　　　　Initially, this case was assigned to United States District Court Judge Clark Waddoups, who then referred it to United States Magistrate Dustin B. Pead under 28 U.S.C. § 636(b)(1)(B). Judge Pead issued a Report and Recommendation on October 10, 2012, which recommends that the motion

to strike be granted and the motion to dismiss be denied. On November 1, 2012, Mr. Scogin filed an Objection to the Report and Recommendation. In his motion and the Objection, Mr. Scogin sets forth the factual background of his involvement with the underlying investment programs at issue. Mr. Scogin asserts that at the time he invested in the programs, he had a good faith belief that the programs were legitimate. He also asserts that he and his family and friends gave value for the money they received from the program because collectively they had invested $10 million in it and received back about one tenth of this amount.

A "good faith belief" constitutes an affirmative defense to a fraudulent transfer and "receiving equivalent value" constitutes an affirmative defenses to a constructive trust. If Mr. Scogin is able to prove these defenses by showing how much was invested in comparison to how much was received and why his investments were in good faith, then Mr. Klein's claims may ultimately fail.

Procedurally, however, affirmative defenses are not considered at this stage of the litigation. Instead, when reviewing a motion to dismiss, the court only looks at the allegations in the complaint, and at no other information. Then, based on those allegations alone, the court determines whether they sufficiently state a claim for relief. Judge Pead found that Mr. Klein has alleged sufficient facts to state the two claims for relief. The court concurs in this finding. Accordingly, the court hereby APPROVES AND ADOPTS the Report and Recommendation.[1]

By approving and adopting the report, this means that Mr. Klein may proceed to prove his claims against Mr. Scogin and Mr. Scogin may proceed to prove his affirmative defenses to those claims.

---

[1] Docket No. 14.

-3-

SO ORDERED this 13th day of November, 2012.

                BY THE COURT:

                _____

                Clark Waddoups
                United States District Judge